Filed 1/14/26  P. v. Williams CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO


THE PEOPLE,

    Plaintiff and Respondent,

v.

LARRY ERIC WILLIAMS,

    Defendant and Appellant.

E086401

(Super.Ct.No. RIF2000208)

OPINION


APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Larry Eric Williams, in pro. per.; and Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Larry Eric Williams appeals from the trial court's postjudgment order denying his petition for resentencing of his attempted murder conviction (Pen. Code,[1] §§ 664/187) under section 1172.6. Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. After considering the arguments raised in defendant's supplemental brief and exercising our discretion to conduct an independent review of the record, we affirm the trial court's postjudgment order denying defendant's section 1172.6 petition. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

According to defendant's handwritten account of the events attached to his section 1172.6 petition for resentencing, defendant stated that the victim was in possession of a "Glock 22 9mm" that belonged to defendant. Defendant went to the victim's house on the day of the shooting to get his gun back.

When he saw the victim and his brother on the street, defendant asked the victim when he would return his pistol. The victim told defendant that he needed to talk to him

---

[1] All future statutory references are to the Penal Code.

about the pistol. Defendant invited the victim to his house, the victim agreed and got into defendant's truck. When they arrived at defendant's house, they smoked marijuana, drank beers, and talked about cars and women. At some point, defendant asked the victim about returning defendant's "Glock." The victim appeared to get upset, and he refused to answer the question.

The victim then went outside to smoke a cigarette. Defendant eventually followed the victim outside and again asked the victim about returning the pistol. The victim said, "I ain't giving you shit," pulled out defendant's "Glock" and pointed it at defendant. Defendant pulled out his "Jenning 9mm" pistol and began firing in the victim's direction. The victim dropped the "Glock" and ran, jumping over the back fence. Defendant stated he knew he was wrong and was hoping the court would consider reducing his gun enhancement.

On January 20, 2021, pursuant to a negotiated plea agreement, defendant pled guilty to attempted second degree murder (§§ 664/187, subd. (a)), and admitted that in the commission of the offense, he personally and intentionally discharged a firearm causing great bodily injury to another (§12022.53, subd. (d)). In return, the remaining enhancement allegations were dismissed and defendant was sentenced to 15 years in state prison.

On May 12, 2025, defendant filed a petition to vacate his attempted murder conviction and for resentencing pursuant to section 1172.6. Defendant attached a handwritten statement of the factual background to his petition.

On June 13, 2025, the trial court appointed counsel for defendant. On this same day, after reading and considering defendant's petition, the trial court denied defendant's section 1172.6 petition finding him ineligible for relief as a matter of law. The court noted that in the statement included with his petition, defendant admitted to being the perpetrator, but that he acted in self-defense. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case, the factual background and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal," (*Anders*, *supra*, at p. 744) counsel raises the issue of whether the trial court erred in finding defendant statutorily ineligible for relief.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his letter brief, defendant argues the trial court abused its discretion when it denied his section 1172.6 petition because he did not plan or act with any intent of malice aforethought when he had no choice but to act in self-defense. Defendant

4

essentially seeks review of his plea bargain.

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . , Senate Bill [No.] 1437 added [former] section 1170.95, [now section 1172.6,] which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) In *Lewis*, our Supreme Court held, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Under *Delgadillo*, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid*. ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual

section 1172.6 appeal."])

Defendant's claims related to his plea are not cognizable in section 1172.6 proceedings. Courts have consistently found that section 1172.6 is not a vehicle to relitigate errors or issues already decided. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition does not afford petitioner new opportunity to raise errors related to a plea]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].) Resentencing proceedings under the statute involve "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of errors related to a plea. (*People v. Strong* (2022) 13 Cal.5th 698, 713, 714.)

Defendant here pled guilty to attempted second degree murder and he admits that he shot at the victim. The trial court properly denied defendant's resentencing petition for failure to show he was not the actual perpetrator. In fact, defendant admits in his section 1172.6 petition that he shot at the victim with his gun. Defendant does not dispute that fact on appeal, but instead seeks to relitigate his plea bargain by asserting he acted in self-defense or without an intent to kill. As noted above, defendant's claims related to his plea are not cognizable in section 1172.6 proceedings.

It is well settled that section 1172.6 precludes relief as a matter of law where the record of conviction shows a defendant was the sole perpetrator. In *Delgadillo*, for example, our Supreme Court determined that the defendant was "not entitled to any relief

6

under section 1172.6" because he "was the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233; see *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [affirming denial of resentencing because the record of conviction "unequivocally establishes" the defendant was the sole perpetrator and the actual killer]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48 [petition for resentencing may be summarily denied when, without factfinding, weighing conflicting evidence, or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined the defendant was the actual killer].) Here, we have reviewed defendant's record of conviction, and find that defendant was the actual perpetrator and thus not entitled to section 1172.6 relief. (§ 1172.6; *Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

IV.

DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

7